## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

JOSIE SAMANTHA HART                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 4:24-CV-P34-JHM

DEPARTMENT OF CORRECTIONS *et al.*                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will allow some claims to proceed, dismiss other claims, and allow Plaintiff the opportunity to amend the complaint.

### I.

Plaintiff Josie Samantha Hart is incarcerated as a convicted prisoner at Green River Correctional Complex (GRCC).  She sues the Kentucky Department of Corrections (KDOC), GRCC, and Wellpath, the entity that ostensibly contracts with the Commonwealth of Kentucky to provide medical care to state prisoners.  Plaintiff also sues GRCC Warden Timothy Lane and GRCC Accounting Supervisor Sara Gish in both their official and individual capacities, and Miss Weagner, the caseworker at Roederer Correctional Complex (RCC), in her official capacity only.

Plaintiff states that she is "a female (transgender)" and that she has "undergone all the surgeries that are required by the State submitted all documents need to have changed from male to female according to the Department of Justice."  She alleges that KDOC continues to classify her as a male, in violation of her civil rights, "dispite the fact my Kentucky State I.D. medical records court documents and all clearly state that I am a female."  She continues, "So I blame the [KDOC] for discriminating against me and misgendering me by classifying me as male."

Plaintiff also alleges that she was strip-searched by two male officers on January 23, 2024, "even after I clarified I am a female . . . ."   She further states that GRCC provides inadequate medical care for transwomen.  Finally, Plaintiff asserts that GRCC officials retaliated against her after they found out she was filing the instant action by saying she made a "threatening statement" and placing her in the hole.

Plaintiff states that these actions violated her rights under the First, Eighth, and Fourteenth Amendments.  As relief, she seeks damages.   The Court broadly construes the complaint as seeking injunctive relief as well.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58

F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.  Defendant Wellpath**

As stated above, Wellpath is ostensibly the entity that contracts with the Commonwealth of Kentucky to provide medical care to state prisoners.  The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a privately contracted entity such as Wellpath.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and an alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Thus, the liability of a contracted private entity must also be based on a policy or custom of the entity.  *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983.  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (citation omitted)).

In the complaint, Plaintiff states that "there is inadequate medical care for transwomen." The Court finds that this allegation is conclusory and lacks "sufficient factual matter" to state a claim to relief.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  Plaintiff also alleges that Wellpath "isn't going with Kentucky state regulations as far as GRS."  The Court assumes that "GRS" stands for genital reconfiguration surgery.  However, no matter its meaning, the failure to comply with a state regulation is not itself a constitutional violation.  *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992).

Thus, Wellpath must be dismissed as a Defendant because Plaintiff has failed to state a constitutional claim against it.

**B.  Defendants KDOC and GRCC**

The KDOC is as an agency of the Commonwealth of Kentucky.  *See* Ky. Rev. Stat. § 15A.020.  A state and its agencies are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC.  A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978).  In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*,

928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)).  "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims.  *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).  Thus, the Court will dismiss Plaintiff's claims against the KDOC for failure to state a claim upon which relief may be granted.

As to GRCC, it is a state prison.  A state prison facility is not a person or legal entity capable of being sued under § 1983.  *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003); *Ryan v. Corizon Health Care*, No. 13-525, 2013 U.S. Dist. LEXIS 153886, at *19 (W.D. Mich. Oct. 28, 2013) ("[T]he individual prisons named as Defendants in this action are . . . buildings used by the MDOC to house prisoners.  They are not the proper public entity for suit."); *Poole v. Mich. Reformatory*, No. 09-13093, 2009 U.S. Dist. LEXIS 82798, at *3 (E.D. Mich. Sept. 11, 2009) (holding that prison facilities are not "persons' or legal entities subject to suit under § 1983).  Thus, the Court will also dismiss Plaintiff's claims against GRCC for failure to state a claim upon which relief may be granted.

### C.  Official-Capacity Claims

Plaintiff sues Defendants GRCC Warden Lane, GRCC "Accounting Supervisor" Gish, and RCC Caseworker Weagner in their official capacities.  These Defendants are state officials.  When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim).  Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official

capacity.").

For these reasons, the Court will dismiss Plaintiff's official-capacity claims for damages for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

The Court, however, **will allow an official-capacity claim for injunctive relief to proceed against Defendant Lane based upon Plaintiff's allegation that she is wrongfully classified as a male.**

### D. Individual-Capacity Claims

#### 1. GRCC Warden Lane

Because the complaint contains no allegations against Defendant Lane, the Court presumes that Plaintiff's individual-capacity claim against him is based on his supervisory role as the GRCC Warden. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff's allegations do not show that Defendant Lane had any personal involvement in the actions about which she complains. Thus, the Court will dismiss Plaintiff's individual-capacity claim against him for failure to state a claim upon which relief may be granted.

### 2. GRCC Accounting Supervisor Sarah Gish

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, any claim against that defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

The complaint contains no allegations against Defendant Gish. Thus, Plaintiff's individual-capacity claim against her must be dismissed for failure to state a claim upon which relief may be granted.

### E. Amended Complaint

### 1. Strip Search

Plaintiff alleges that she was strip-searched by two male officers on January 23, 2024. The Sixth Circuit has held that a strip search may, under some circumstances, violate an inmate's right

to bodily privacy.  A "prison policy forcing prisoners to be searched by members of the opposite sex," for example, "would provide the basis of a claim on which relief could be granted." *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004); *accord Cornwell v. Dahlberg*, 963 F.2d 912, 916-17 (6th Cir. 1992) ("[A] convicted prisoner maintains some reasonable expectations of privacy while in prison, particularly where those claims are related to forced exposure to strangers of the opposite sex, even though those privacy rights may be less than those enjoyed by non-prisoners.").

The federal courts have not yet concluded whether the right to bodily privacy encompasses a prisoner's asserted interest in being strip-searched by a member of the sex with which the prisoner identifies.  *See Nation v. White*, No. 5:20-cv-P104-BJB, 2021 U.S. Dist. LEXIS 36388, at *10 (W.D. Ky. Feb. 26, 2021) (collecting cases and allowing such a claim to proceed on initial review).  However, this claim is subject to dismissal because Plaintiff did not name as Defendants the two officers who strip-searched her.  If Plaintiff had sued the officers who strip-searched her in their individual capacities, the Court would have allowed Fourth and Fourteenth Amendment claims to proceed against them in their individual capacities.  Thus, **the Court will provide Plaintiff the opportunity to file an amended complaint in which she names as Defendants the officers who strip-searched her and to sue those officers in their individual capacities**.  *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## 2.  Retaliation

Plaintiff also alleges that GRCC officers issued frivolous write-ups against her and placed her in the hole after they learned that she was filing the instant action.  This claim fails to state a

claim upon which relief may be granted because Plaintiff did not name as Defendants the GRCC officers who allegedly retaliated against her. However, **the Court will provide Plaintiff the opportunity to amend the complaint to name as Defendants the officers who allegedly retaliated against her and to sue those officers in their individual capacities**.

### 3. RCC Case Worker Ms. Weagner

Plaintiff alleges that that Defendant Weagner "refused to pull my I.D. look at my P.S.I or wait on surgery papers." The Court broadly construes this allegation as asserting that Defendant Weagner wrongfully denied Plaintiff classification as a female. This allegation fails to state a claim upon which relief may be granted because Plaintiff did not sue Defendant Weagner in her individual capacity. However, **the Court will provide Plaintiff the opportunity to amend the complaint to sue Defendant Weagner in her individual capacity**. If she does, the Court will allow Plaintiff's constitutional claims against Defendant Weagner to proceed.[1]

### IV.

Thus, upon review, the Court will allow an official-capacity claim for injunctive relief to proceed against Defendant Lane. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims against KDOC, GRCC, Wellpath, her official-capacity claims for damages, and her individual-capacity claims against Defendants Lane and Gish are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that no later than **June 15, 2024**, **Plaintiff may file an**

---

[1] In the complaint, Plaintiff also alleges that a local hospital forced her to take "a rape kit" after she was sexually assaulted. Plaintiff does not sue the hospital, and the Court can discern no constitutional violation based upon this allegation.

amended complaint in which she sues Defendant Weagner in her individual capacity and names as Defendants and sues in their individual capacities the officers who allegedly strip-searched her and retaliated against her. **Plaintiff should describe the actions taken by each officer which resulted in the violation of her constitutional rights**.

If Plaintiff files an amended complaint no later than **June 15, 2024**, the Court will review it pursuant to §1915A. If Plaintiff fails to file an amended complaint by that date, the Court will enter a Service and Scheduling Order to govern the development of the official-capacity claim that is proceeding against Defendant Lane for injunctive relief.

Because no claims remain against KDOC or GRCC and they are listed as Defendants on the docket sheet of this action, the **Clerk of Court** is **DIRECTED to terminate them as parties to this action on the docket sheet**. Because no claims remain against Defendant Wellpath, Defendant Gish, or Defendant Weagner, they are also terminated as parties to this action.

The **Clerk of Court** is further **DIRECTED to send Plaintiff a §1983 prisoner complaint form with this case number and the words "Amended Complaint" written in the caption**.

Date: May 17, 2024

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
       Defendant Lane
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011