UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JOSIE SAMANTHA HART**                                                                                   **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION NO. 4:24-CV-P34-JHM**

**DEPARTMENT OF CORRECTIONS** *et al.*                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow some claims to proceed and dismiss one claim.

**I.**

Plaintiff Josie Samantha Hart was incarcerated as a convicted prisoner at Green River Correctional Complex (GRCC). She originally sued the Kentucky Department of Corrections (KDOC), GRCC, and Wellpath, the entity that contracts with the Commonwealth of Kentucky to provide medical care to state prisoners. Plaintiff also sued GRCC Warden Timothy Lane and GRCC Accounting Supervisor Sara Gish in both their official and individual capacities, and Miss Weagner, the caseworker at Roederer Correctional Complex (RCC), in her official capacity only. [DN 1].

Plaintiff stated that she is "a female (transgender)" and that she has "undergone all the surgeries that are required by the State submitted all documents need to have changed from male to female according to the Department of Justice." She alleged that KDOC continues to classify her as a male, in violation of her civil rights, "dispite the fact my Kentucky State I.D. medical records court documents and all clearly state that I am a female."

Plaintiff also alleged that she was strip-searched by two male officers at GRCC on January

23, 2024, "even after I clarified I am a female . . . ." Plaintiff further asserted that GRCC officials retaliated against her after they found out she was filing the instant action by saying she made a "threatening statement" and placing her in the "hole." Plaintiff alleged that these actions violated her rights under the First, Eighth, and Fourteenth Amendments.

On initial review of Plaintiff's original complaint pursuant to § 1915A, the Court allowed Plaintiff's official-capacity claim for injunctive relief to proceed against Defendant Lane. The Court dismissed Plaintiff's claims against KDOC, GRCC, Wellpath, her official-capacity claims for damages, and her individual-capacity claims against Defendants Lane and Gish for failure to state a claim upon which relief may be granted. The Court provided Plaintiff the opportunity to file an amended complaint to sue Defendant Weagner in her individual capacity and name as Defendants and sue in their individual capacities the officers who allegedly strip-searched her and retaliated against her. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). The Court further instructed Plaintiff that if she chose to file an amended complaint, she should describe the actions taken by each officer which resulted in the violation of her constitutional rights. [DN 6].

Plaintiff has now filed an amended complaint in which she sues Defendant GRCC Warden Timothy Lane in his individual and official capacities and Defendant Lisa Weagner in her individual capacity for wrongful denial of Plaintiff's classification as a female in violation of the Fourteenth Amendment and failure to protect in violation of the Eighth Amendment. Plaintiff also sues Defendants Mark Young, Justice Freeman, and Shawn Martin in their individual capacities for an alleged improper strip-search on January 23, 2024, in violation of the Fourth and Fourteenth

Amendment and retaliation in violation of First Amendment.  [DN 9].

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations

3

of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official-Capacity Claim against GRCC Warden Lane

As previously stated, GRCC Warden Lane is a state official. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). For these reasons, the Court will again dismiss Plaintiff's official-capacity claims for damages for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

In the Court's previous initial review, the Court permitted an official-capacity claim for injunctive relief to proceed against Defendant Lane based upon Plaintiff's allegation that she is wrongfully classified as a male. However, since that time, Plaintiff has been transferred from GRCC to Luther Luckett Correctional Complex (LLCC). As such, Plaintiff's requests for injunctive relief against Defendant Lane, the warden at GRCC, are subject to dismissal because they have been rendered moot by Plaintiff's transfer from GRCC. *See Wilson v. Yaklich*, 148 F.3d

4

596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Thus, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. RCC Case Worker Weagner and GRCC Warden Lane

Plaintiff alleges that Defendant Weagner and Defendant Lane wrongfully denied Plaintiff classification as a female resulting in strip-searches by male guards. [DN 9 at 4]. Plaintiff specifically alleges personal involvement by these Defendants in the action about which she complains. As such, **the Court will allow Eighth and Fourteenth Amendment claims against Defendants Weagner and Lane to proceed**.

#### 2. Defendants Young, Freeman, and Martin

Plaintiff alleges that Defendants Young and Freeman improperly strip-searched her, violated her right to privacy, and retaliated against her. Plaintiff also claims that Defendant Martin "overseen [the] whole thing." [*Id.* at 4]. **The Court will allow Plaintiff's claims against Defendants Young, Freeman, and Martin to proceed for improper strip-search, violation of her right to privacy, and retaliation in violation of the First, Fourth and Fourteenth Amendments**.

### IV.

Thus, upon review, the Court will allow individual-capacity claims to proceed against Defendants Weagner and Lane for wrongful denial of classification as a female and failure to protect in violation of the Eighth and Fourteenth Amendment and against Defendants Young, Freeman, and Martin for improper strip-search, invasion of her right to privacy, and retaliation in

violation of the First, Fourth, and Fourteenth Amendments. In allowing these claims to proceed, the Court passes no judgment upon their merits or upon the ultimate outcome of this action.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's official-capacity claim against Defendant Lane is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: July 1, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014